THE BANK OF SANTA FÉ v. JOHN C. BUSTER, *as Sheriff of Haskell County, et al.*

TAXATION OF BANK — *Return of Taxable Property — Mistake of Cashier — Enjoining Collection.* Where the cashier of a banking corporation organized under the laws of Kansas makes and delivers in May to the assessor a personal-property statement of the taxable property of the bank, and "through a mistake of law and of fact" gives an amount exceeding the amount for which the bank as a bank is liable to be taxed, but does not give any list of the names of the stockholders or the amount of the undivided profits or surplus, as required by law, and this is never done by any agent or officer of the bank, and no proper steps are ever taken to correct the "mistake of law and of fact" made by the cashier, and taxes are afterward levied upon the amount given in the personal-property statement made by the cashier, and it does not appear that the stockholders are ever assessed or taxed, or that the taxes against the bank are more than it and its stockholders should pay, and in January afterward the treasurer and sheriff are proceeding to collect the taxes against the bank, *held*, that the bank does not then have any action to enjoin such treasurer and sheriff from so collecting the same.

## Error from Haskell District Court.

ACTION to restrain the collection of a certain tax. A decree granting a temporary injunction in behalf of the plaintiff *Bank* was reversed by the district court, and it brings error. The facts are stated in the opinion.

*Milton Brown*, and *H. F. Mason*, for plaintiff in error:

It is obvious that the statement of facts in the petition is not so full and explicit as to meet the demands of good pleading; but, upon an objection of this character, the plaintiff is certainly entitled to have his pleading construed as favorably as upon demurrer; in other words, its statements are taken as true, whether well pleaded or not. *Park v. Tinkham,* 9 Kas. 615; *Stewart v. Balderston,* 10 id. 148, and cases cited.

In *National Bank v. Fisher,* 45 Kas. 726, this court has held that in the case of a national bank the assessment of the

entire stock *in solido* is void.   The same reasoning that for-
bids a lumping assessment against a national bank in any
state, under our statute, forbids it as to a state bank.   It is
clear that, upon the first point, the petition is sufficient, unless
it fails by reason of the principle of estoppel laid down in
*Winfield Bank v. Nipp*, 47 Kas. 744 — the bank being con-
cluded by the action of its own officer in making its return.

The case at bar, however, differs from the Cowley county
case just referred to in this, that the cashier of the plaintiff
bank in the present case made his return under a mistake of
law and fact in May, 1890, and, upon discovering his mistake,
sought in the following month to be allowed to correct his
statement, making his application to the county board, but
was refused opportunity to do so.   The real parties in interest,
the stockholders in the bank, ought not to suffer by the inno-
cent mistake of the cashier, who took the earliest opportunity
to offer to correct it.   But whatever may be the merits of this
first objection to the tax, the fact that the tax was in amount
excessive, and that the fair, just and equitable amount of the
assessment was not over $2,000, instead of $5,000 as returned,
in the absence of some equitable estoppel, certainly entitles
plaintiff to the relief asked.   The error of the cashier in mak-
ing the return ought not to conclude the bank, because it is
alleged to have been occasioned by a mistake of fact.

*D. D. Temple*, and *Joseph Rosenthal*, for defendants in error:

The petition does not allege that at any time J. L. Kennard,
agent of plaintiff (he swears to be such agent in the affidavit
attached to the petition), tendered to the board a list of the
stockholders of said bank with the amount and value of stock
chargeable to each; hence the question of the assessment *in
solido* is not raised, and the case comes under the rule laid
down by this court in the case of *Winfield Bank v. Nipp*, 47
Kas. 744. ·

The petition nowhere alleges that the value of the stock of
all the stockholders is less than $5,000; the county commis-
sioners had only to act upon a request for a reduction, not for

a change of assessment, and within the rules of assessing banks under the statute, they promptly and properly refused to take any action upon a return made under oath.

Where property is assessed at too high a value, it is no ground for enjoining the collection of a tax, the remedy being by an application to the board of equalization. *Small v. City of Lawrenceburg,* 27 N. E. Rep. 500.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Haskell county, by the Bank of Santa Fé against the sheriff, treasurer and county board of said county, to perpetually enjoin the defendants from collecting or enforcing certain taxes levied against the plaintiff. The petition of the plaintiff, as filed in the district court, omitting title and signature, reads as follows:

## "PETITION.

"The Bank of Santa Fé, plaintiff in the above-entitled action, for its cause of action alleges: That plaintiff is, and at all times herein referred to has been, a corporation organized and existing under the laws of the state of Kansas, and doing business as a banking corporation in the city of Santa Fé, in the county of Haskell, in the state of Kansas; that defendant John C. Buster is the sheriff of Haskell county, Kansas; that defendant John G. Michaels is the county treasurer of Haskell county, Kansas; that on the 3d day of May, 1890, J. L. Kennard, the cashier of said plaintiff, made a personal-property statement to W. P. Claybourn, the assessor of the township in which the said city of Santa Fé was situated, said city being a city of the third class, of the amount of personal property for which said bank was liable to be taxed; that in making such statement, said J. L. Kennard, through a mistake of law and of fact, instead of making a statement of the names of the stockholders in said bank, and the amount of stock held by each, as required and provided by § 6868 of the General Statutes of Kansas, gave, as the total amount of personal property said bank was required to list for purposes of taxation, the sum of $5,000; that the fair, just, legal and equitable sum on which said bank should have been taxed was not to exceed $2,000; that on the 7th day of May, 1890, said as-

sessor filed said statement in the office of the county clerk of said Haskell county; that thereafter, in June, 1890, said J. L. Kennard, becoming aware of his said mistake, appeared before the board of county commissioners of said Haskell county, called their attention to such mistake, and requested that such mistake be corrected, and that the amount for which said bank was liable to be taxed should be reduced upon the records to the proper amount; that said board of county commissioners deferred and postponed action upon said application, and took no action with reference thereto until January, 1891, when their attention was again called to the matter by the affidavit of said J. L. Kennard, setting out the foregoing facts, and asking for a rebate on said assessment based on said amount of $5,000, but said board again refused to take action thereon; that the county clerk of said Haskell county, in making up the tax roll of said county, entered a tax against said bank based upon said erroneous return and statement, and the tax so entered against said bank was unjust, unfair, illegal, and excessive in the proportion of five to two; that said plaintiff has refused to pay said illegal tax, but has at all times been ready and willing to pay a fair, just, equitable and legal tax upon the personal property of said bank, and has tendered such an amount to the treasurer of said county, and to the sheriff of said county, and offered to pay such fair, just and legal amount; that upon refusal of plaintiff to pay such illegal tax, the said treasurer of said county issued to the sheriff of said county a tax warrant, commanding said sheriff to levy upon the goods and chattels of plaintiff to the amount of such illegal tax, and collect such illegal tax; that said sheriff, under authority of said warrant, has levied upon certain personal property of said bank, and is now threatening and is about to advertise and sell such property; and said tax warrant is wholly illegal.

"Wherefore plaintiff asks that said sheriff, defendant herein, be restrained and enjoined from proceeding further under such warrant, and from advertising or selling such personal property, and from collecting or attempting to collect such tax; and that said county treasurer and said board of county commissioners be restrained and enjoined from taking any steps toward the collection of said illegal tax; and that upon a full hearing such order and injunction be made perpetual; and for costs of this action, and for any proper equitable relief."

The probate judge of said county granted to the plaintiff a temporary injunction as prayed for in its petition ; but the judge of the district court, at chambers, upon a motion interposed by the defendants, vacated, set aside and dissolved such temporary injunction, and did so, as is shown by the order of such judge, upon the sole ground that the petition did not state facts sufficient to entitle the plaintiff to recover or to the relief prayed for; and to reverse this ruling and order of the district judge, the plaintiff, as plaintiff in error, has brought the case to this court.

We think the decision of the judge of the district court is correct. Whatever mistake was made in the assessment of either the plaintiff's or the stockholders' property was made by J. L. Kennard, cashier and agent of the plaintiff, and the plaintiff is certainly bound by the statement made by its agent, unless the plaintiff, through that or some other agent or officer, resorted to the proper means to have such mistake corrected. It does not appear that any such thing was ever done; and therefore its agent's "mistake of law and of fact," whatever that might have been, has never been corrected. It does not appear that any list of the names of the stockholders of the plaintiff bank, or the amount or the value of such stock, or of any stock held by either the bank itself or the individual stockholders, or the value of any undivided profits or surplus remaining in the bank, has ever been furnished by the bank, or by any one of its agents or officers, to the assessor, or to the board of county commissioners, or to the board of equalization, or to any other board or officer having anything to do with the assessment of property or the levy or collection of taxes. This should have been done. (Gen. Stat. 1889, ¶¶ 6868, 6921, 6922.) It does not appear what the value of the stock held by the bank and its stockholders, or by the bank or any of its stockholders, was, or that the aggregate value, or even the value of the stock held by the bank itself, was less than $5,000, the amount of the assessment. It does not appear that the value of the taxable property of the bank, after deducting the value of all its real estate, would be less

than $5,000. The allegation "that the fair, just, legal and equitable sum on which said bank should have been taxed was not to exceed $2,000," and other like allegations, without stating what the property was, or its value, are not sufficient. It does not appear that any of the stock of any one of the stockholders has ever been assessed in any other manner than by the assessment complained of in this action. No stockholder is complaining, and in all probability no stock has been assessed or taxed more than once, if at all. What the amount of the capital stock of the bank is, or what its value is, is not shown; and certainly the bank and its stockholders will not be required to pay more taxes on this assessment than they ought to pay. Even where the assessment is regular, and where the assessment is upon the individual stock separately of each of the individual stockholders, still the statute relating to banks like the present provides that "said bank or banking association shall pay the tax assessed upon said stock and undivided profits or surplus, and shall have a lien thereon until the same is satisfied." (Gen. Stat. of 1889, ¶ 6868.) In fact, it can make but little difference, as a general rule, whether the assessment is made upon the stock of each stockholder separately or is made against the bank itself for the whole amount of the stock. And further, it does not appear that the plaintiff, or any agent for the plaintiff, ever appeared before the board of equalization to have the mistake made by its cashier and agent corrected. We think no equity is shown in this case in favor of the plaintiff. We think this case falls within the principles enunciated in the case of *Winfield Bank v. Nipp*, 47 Kas. 744, and not within the principles enunciated in the case of *National Bank v. Fisher*, 45 id. 726.

The order of the judge of the court below, vacating the temporary injunction, will be affirmed.

All the Justices concurring.