GENERAL FILM CO. OF MISSOURI v. GENERAL FILM CO. OF MAINE.

(Circuit Court of Appeals, Eighth Circuit. October 20, 1916.)

No. 4637.

1. CORPORATIONS ⟨⟩648—FOREIGN CORPORATIONS—DOING BUSINESS WITHOUT A LICENSE.

Only the state can take advantage of the failure of the corporation doing business therein to comply with the local laws regarding licensing, etc., and another corporation cannot on that ground appropriate the foreign corporation's name and pirate its business.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2516; Dec. Dig. ⟨⟩648.]

2. TRADE-MARKS AND TRADE-NAMES ⟨⟩73(2)—UNFAIR COMPETITION—RIGHT OF COURTS.

A foreign corporation engaged in business in the state of Missouri without taking out a license. Thereupon, for the purpose of pirating its business, complainant corporation was organized under the same name; the secretary of state issuing a certificate of incorporation. It was the duty of the secretary of state to determine whether the corporate name applied for conflicted with the name of any other corporation authorized to do business in the state. Held that, as a corporation adopts its own name, complainant could not, though the name of the foreign corporation had not been registered, obtain the right to use the name of such corporation for the purposes of unfair competition, and such use may be enjoined by the courts, notwithstanding the approval of complainant's name by the secretary of state.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 84; Dec. Dig. ⟨⟩73(2).]

Appeal from the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Bill by the General Film Company of Missouri, a corporation, against the General Film Company of Maine, a corporation, which filed a cross-bill. From a decree for defendant on its cross-bill, complainant appeals. Affirmed.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

William R. Gilbert, of St. Louis, Mo. (S. H. West, Roscoe Anderson, and A. L. Levi, all of St. Louis, Mo., on the brief), for appellant.

John S. Wright, of Kansas City, Mo. (Armwell L. Cooper and Hadley, Cooper, Neel & Wright, all of Kansas City, Mo., on the brief), for appellee.

Before HOOK and SMITH, Circuit Judges, and AMIDON, District Judge.

AMIDON, District Judge. The General Film Company of Maine is one of the largest corporations engaged in the business of producing and selling moving picture films. Its trade extends throughout the country. St. Louis, Mo., has been one of the centers of its operations. From that branch it supplied an extensive trade in several adjoining states. By the law of Missouri a foreign corporation cannot do business in that state without taking out a license. A violation of the statute is punishable by fine, and the statute also provides that the corporation shall not be permitted to maintain any action upon any contract made in the state during the default. The General Film Company of Maine failed to comply with this statute, although it was doing an extensive business in the state. Some citizens of St. Louis, who had been engaged in the business of supplying moving picture films under a proper name, discovered that the General Film Company of Maine had failed to comply with the statutes of Missouri, and, for the purpose of pirating its business, organized the General Film Company of Missouri. Its capital stock was only $5,000 at first, but it now has been increased to $25,000. It has engaged in the same lines of business as the older company, and by its method of conducting business has deceived the public, and caused it to believe that the General Film Company of Missouri is in fact the General Film Company of Maine.

The General Film Company of Missouri, after its incorporation, filed its bill in equity, alleging its incorporation, and right to use its corporate name, and setting forth that the General Film Company of Maine was doing business in the state in violation of local law and to the prejudice of the plaintiff. It asked an injunction restraining the defendant from the use of the name "General Film Company." The defendant filed its answer, admitting its failure to comply with the local law respecting foreign corporations, and denying the other allegations of the bill. It also filed a cross-bill, setting up the fraudulent purpose of the incorporation of plaintiff, and the fraudulent and piratical manner in which its business was carried on. To this cross-bill the plaintiff demurred. A stipulation was filed in court, signed by counsel for both parties, that the cause should be submitted upon the bill, answer, cross-bill, and demurrer; "the intention and desire of both parties being that all matters involved in this controversy may be taken up and submitted at one hearing and fully disposed of by the court in its decision, except that neither party hereby waives its right to appeal to a higher court from such decision or decree." The demurrer was overruled, and a decree entered in favor of the defendant upon its cross-bill, enjoining the plaintiff from using the name "General Film

Company," or any name of similar import. To review that decree the plaintiff brings the present appeal.

[1] The plaintiff seeks to secure rights which may be properly asserted only by the state of Missouri. That state alone could complain of the fact that the General Film Company of Maine was doing business in the state without having complied with the statutes in regard to foreign corporations. The plaintiff cannot clothe itself in the panoply of the state as a shield for the fraud which it is seeking to accomplish.

[2] It is claimed, however, with much skill, that it is the duty of the secretary of state, in issuing certificates of incorporation, to determine whether the name of the corporation conflicts with the name of any other corporation authorized to do business in the state. It is said that the secretary of state in issuing to the plaintiff its charter exercised this administrative power, and thereby approved of the name selected by the plaintiff, and it is urged that a court cannot deprive the plaintiff of the name which it thus obtained legally from the secretary of state. This argument has often been made in the courts, and has generally been condemned. Plaintiff's name was chosen by the plaintiff itself. It was chosen for the purpose of perpetrating a fraud upon the defendant. The approval of that name by the secretary of state of Missouri was permissive, and not mandatory. He had no equitable powers. His authority was confined to comparing plaintiff's name with the names of other corporations licensed to do business in the state, and ascertaining whether there was such similitude as would be likely to confuse and mislead. He had no power to consider the course of trade of different corporations, and determine whether plaintiff's name was chosen for the fraudulent purpose of unfair trade competition. It was held by the Supreme Court in Herring-Hall-Marvin Safe Co. v. Hall Safe Co., 208 U. S. 554, 28 Sup. Ct. 350, 52 L. Ed. 616, that even an individual, when he comes to use his own name in trade, must have a proper regard for the rights of another individual or corporation that has previously used the same name. The second comer, using the common name, cannot do so unless he accompanies it with such warnings and safeguards as will prevent the public from being deceived, and the business of the first user of the name from being injured. The doctrine which underlies this use of the common names of individuals applies with much greater force to corporate names. A corporation chooses its own name. It does it with a view to the business in which it is presently to engage. It is therefore charged with the duty of not selecting a name for fraudulent purposes. It is the duty of courts of equity to enforce the observance of this rule. Plaintiff, however, says that it got its name from the state, and may therefore use it, and that defendant cannot now use its name in the state because the secretary of state will not grant it a license on account of the similarity of its name to the name of plaintiff. The complete answer to that contention is that plaintiff selected its name to accomplish a fraudulent purpose. A court of equity cannot be stayed in its duty to protect property rights by means of such a subterfuge as the plaintiff has practiced. The organization of corporations under mod-

ern laws is a simple performance. It is controlled wholly by the men who seek that form of business organization. This being the case, the act of taking out a corporate charter, although it invokes the authority of the state, cannot be made use of for purposes of fraud. If it is made use of for that purpose, the fact that the charter was obtained from the state cannot deprive a court of equity of its power to prevent fraud and protect property rights. The most solemn decrees of courts will be set aside when they are procured by fraud. Much more will the voluntary acts of individuals in forming a corporation. Charles S. Higgins Co. v. Higgins Soap Co., 144 N. Y. 462, 39 N. E. 490, 27 L. R. A. 42, 43 Am. St. Rep. 769; Bender v. Bender S. & O. F. Co., 178 Ill. App. 203; Celluloid Mfg. Co. v. Cellonite Mfg. Co. (C. C.) 32 Fed. 94; United States Light & Heating Co. of Maine v. United States Light & Heating Co. of New York et al. (C. C.) 181 Fed. 182; Peck Bros. & Co. v. Peck Bros. Co., et al., 113 Fed. 291, 51 C. C. A. 251, 62 L. R. A. 81.

The decree is affirmed.