Carter Transfer & Storage Co. v. Carter.

------

CARTER TRANSFER & STORAGE COMPANY ET AL., APPELLANTS,
v. ALLEN S. CARTER ET AL., APPELLEES.

FILED JULY 15, 1921.   No. 21452.

1. **Trade-Name:** UNFAIR COMPETITION. Where an established business with a trade-name representing good-will is drawn into competition by a recent rival wtih a name so similar and so displayed as to be likely to mislead the former's customers and the public, the denial of a purpose to do so has little weight in the defense of a suit to prevent such a wrong.

2. ------: ------: INJUNCTION. Equity may enjoin the use of a truck painted white with the name "Carter Brothers Transfer"

displayed thereon in red letters, where it has recently come into competition with a formerly established business built up under the trade-name of the "Carter Transfer & Storage Company," a trade-name representing good-will, and displayed in red letters on trucks painted white, the similarity being such as to be likely to mislead the public and the customers of the latter company.

APPEAL from the district court for Lancaster county: ELLIOTT J. CLEMENTS, JUDGE. *Reversed, with directions.*

*F. C. Foster, O. K. Perrin* and *S. M. Kier*, for appellants.

*Stewart, Perry & Stewart,* contra.

Heard before MORRISSEY, C.J., DAY, DEAN, LETTON and ROSE, JJ.

PER CURIAM.

This is a suit in equity to enjoin Allen S. Carter and David O. Carter, defendants, from using in Lincoln for the transportation of freight for hire any truck, van, or other vehicle, while painted white, with the name "Carter Brothers Transfer" thereon in red. The trial court dismissed the suit, and plaintiffs have appealed.

The controlling facts are not in dispute. There are two plaintiffs and both are corporations. For more than 12 years one of the plaintiffs, the Carter Transfer & Storage Company, was engaged in the business of transporting freight for hire in Lincoln and vicinity. Its name appeared on its letter-heads and other stationery. It had over 500 contracts in its corporate name. It had many trucks and vans which it used on the public streets and at the railway stations. These were painted white and there was displayed thereon in red letters the trade-name of "Carter Transfer & Storage Company." In that name the corporation acquired a good reputation and established an extensive, profitable business. Prior to 1919, no one by the name of Carter, except those connected with the Carter Transfer & Storage Company, had been engaged in the business of transporting freight for hire in

Lincoln. The other plaintiff, the Globe Delivery Company, was and is also engaged in the business of transporting freight for hire in Lincoln. In April, 1919, the business of the two corporations was consolidated and it has since been carried on partly in the name of one and partly in the name of the other. The principal owners of the stock of the Globe Delivery Company bought the capital stock, business and property of the Carter Transfer & Storage Company, including its good-will and the right to use its name, letter-heads, other stationery, trucks and vans. The original contracts for the transportation of freight were carried out in the name of the Carter Transfer & Storage Company and its letter-heads and other stationery have been used for that purpose. Some of the vans and trucks as originally painted white with the trade name displayed thereon in red have been continuously used without change since the consolidation. Other vans and trucks now in use bear the names of both corporations, the Globe Delivery Company as successor to the Carter Transfer & Storage Company. In this manner the new management has sought to retain as property owned by plaintiffs the good-will of both corporations. Prior to the consolidation each of the two defendants, Allen S. Carter and David O. Carter, had been connected with the Carter Transfer & Storage Company in one capacity or another as stockholder, officer or employee. They are sons of the founder of the business enterprise conducted in that corporate name.

While the business of plaintiffs was being conducted in the names and in the manner outlined, defendants engaged in the same business in the same place and used on the public streets of Lincoln and at the railway stations a truck painted white with the name "Carter Brothers Transfer" displayed thereon in red letters.

Defendants plead and testify that they are not using the name "Carter Brothers Transfer" and their truck for the purpose of deceiving the public and the customers of plaintiffs or for any purpose of diverting the business of

plaintiffs to themselves. They further plead and testify that they are engaged in the business of transporting freight for hire under their own name, as they claim a right to do, operating their truck honestly in good faith for the purpose of doing a legitimate business.

The uncontradicted proof, nevertheless, shows that at least two regular customers of the "Carter Transfer & Storage Company" gave their business to "Carter Brothers Transfer" after the latter in that name became a competitor; that the mail of the two rivals is often confused, and that freight is sometimes mixed at the railway stations. Defendants have not been contented to use their own names without employing words in the name of their competitor or without imitating the latter's method of display. They have utilized their patronymic with "Brothers" and "Transfer" in red letters on a white background on their truck. As thus displayed before the public there is a marked similarity between the name "Carter Transfer & Storage Company" and "Carter Brothers Transfer." Without regard to the intentions of defendants the similarity is well calculated to mislead the public and customers of plaintiffs into believing that "Carter Brothers Transfer," thus displayed on the truck, is the name of the identical business established by the "Carter Transfer & Storage Company" during years of rectitude and efficient service.

Good-will in connection with a business is property. The owner of a business and of the property used in conducting it is the owner of the good-will. The name is the trade designation of the business to which the good-will attaches. The unfair use of a new artificial name by competitors, where the effect is to transfer to them good-will of a business previously established by others under a similar trade name, is a misappropriation of property. The good-will of the Carter Transfer & Storage Company belongs to plaintiffs, and not to defendants. It is intangible property which a court of equity may protect. The modern rule, founded on business integrity and fair com-

petition and supported by the better reasoning, is: Where an established business with a trade-name representing good-will is drawn into competition by a recent rival with a name so similar and so displayed as to be likely to mislead the former's customers and the public, the denial of a purpose to do so has little weight in the defense of a suit to prevent such a wrong. 26 R. C. L. 873, sec. 51, 885, sec. 60; *Payn's Sons Tobacco Co. v. Payette,* 149 N. Y. Supp. 183; *Lynn Shoe Co. v. Auburn-Lynn Shoe Co.,* 100 Me. 461, 4 L. R. A. n. s. 960, and note; *W. B. Mfg. Co. v. Rubenstein,* 236 Mass. 215, 11 A. L. R. 1283; *Kyle v. Perfection Mattress Co.,* 127 Ala. 39, 50 L. R. A. 628; *Hudson v. Osborne,* 39 L. J. (Eng.) 79.

The undisputed evidence shows that the name adopted by defendants and their manner of displaying it on their truck will quite likely mislead the public and customers of plaintiffs to the injury of the latter. Without questioning the motives or the honesty of defendants, who no doubt had an honorable part in building up the business of the Carter Transfer & Storage Company, a court of equity should hold that they have made no defense to this suit.

The judgment is reversed and the cause remanded, with an instruction to the district court to grant an injunction according to the prayer of the petition of plaintiffs.

Reversed.