NORTHWEST READY ROOFING COMPANY, APPELLEE, V. CHRIS
F. ANTES, APPELLANT.

FILED JUNE 1, 1928.    NO. 26003.

122

*Burkett, Wilson, Brown & Wilson,* for appellant.

*Crossman, Munger & Barton* and *Woods, Woods & Aitken, contra.*

Heard before GOSS, C. J., ROSE, GOOD, THOMPSON, EBERLY and HOWELL, JJ., and REDICK, District Judge.

HOWELL, J.

Appellant, defendant below, comes by appeal to this court from a decree enjoining him from using the appellee's name, or any similitude, in his business. The petition shows that, in 1915, there was an Illinois copartnership in appellee's name, composed of E. D. and W. F. Schuth. They operated a branch in Lincoln, Nebraska, until in June, 1916, when they incorporated in Illinois and were taken over entirely by the corporation—name, debts, assets and business. In 1917 the Lincoln branch was moved to Omaha, maintaining, however, salesmen in Lincoln. In March, 1920, the appellee was incorporated in Nebraska for the purpose of taking over—and did—the Illinois corporation's business in this state, and has ever since conducted the business from Omaha. During the whole embraced period of time, the business was of the same character, still is, and will so continue to be. Prior to and during 1915 appellant was a salesman in Chicago for the copartnership. When the Lincoln branch opened, he was transferred to it and assisted in conducting the business

until in 1917, when the Lincoln branch was transferred to Omaha. Appellant remained with the Illinois corporation as its salesman and collector, under the supervision of the Omaha branch, for 18 months.

In 1918 appellant launched an individual business, of the same character, in Lincoln, under the name of "Northwest'Ready Roofing Company," and has continued therein until the filing of the petition in this action, under that or similar deceptive analogues, changing them from time to time. He was doing business of the same kind, using the same methods, plans, materials, manner of advertising, and soliciting business in the same territory, with the same customers as appellee, in and from the same offices or place of business formerly occupied by appellee or its predecessors. There were other allegations, such as requests to appellant to cease his objectionable methods, confusion of names and business, publishing the name of appellee in telephone books and otherwise, etc., for his own benefit.

The answer admitted everything alleged in the petition, from 1915 to 1917 and prior thereto, that, since then, he has been doing the same kind of business as appellee and, in some instances, used a similar flag as that used by appellee for advertisement, and used the same name. Otherwise, the answer was a general denial, with affirmative allegations that the Illinois corporation never complied with the laws of Nebraska relating to doing business by foreign corporations; was an outlaw, pirate and evader of the statutes, and appellee was guilty of laches.

The proofs are conclusive that appellant's conduct cannot be defended or tolerated in the business world by the courts. In that phase, this case is ruled by *Basket Stores v. Allen,* 99 Neb. 217; *Regent Shoe Mfg. Co. v. Haaker,* 75 Neb. 426; *Consolidated Fuel Co. v. Brooks,* 91 Neb. 421; and *Carter Transfer & Storage Co. v. Carter,* 106 Neb. 531. This leaves the questions of laches and "piracy" to be considered.

This is not an action for damages, but one for injunctive relief that apprehends appellee's future business field. The

failure of a foreign corporation which comes into the state with property, fixes itself a home, pays taxes, submits itself to immediate and personal service of process, operated by domiciled management, and otherwise subjects itself to the laws of the state, to strictly comply with the statutes, does not so shock the conscience of the chancellor as to make it a prey to all evilly disposed persons. The state alone possesses power to correct such wrongs as offend against sovereignty alone. We do not have before us a case of balancing wrongs or comparing things *malum in se.* We have held that an unlicensed automobile is not an outlaw to be denied the protection of law. *Pratt v. Western Bridge & Construction Co.*, 116 Neb. 553. The appellee has at no time been a nuisance, trespasser, or outlaw. Section 682, Comp. St. 1922, provides that "each foreign corporation * * * owning or using a part or all of its capital or plant in this state * * * shall make a report in writing" within a time fixed. Sections 683 and 684 require what the report shall contain, and payment of an annual fee. Section 691 provides a money penalty for failure to report, while section 694 allows a remission thereof in the discretion of the "governor, secretary of state and attorney general." None of the sections mentioned prohibit corporations in appellee's class from doing business in Nebraska. If sections 634 and 639 do, they carry the penalty.

The following cases seem to settle the point that the state only can complain that a corporation has not complied with its laws: *General Film Co. of Missouri v. General Film Co. of Maine*, 237 Fed. 64; *Wright v. Lee*, 2 S. Dak. 596; *Fritts v. Palmer*, 132 U. S. 282; *Fortier v. New Orleans Bank*, 112 U. S. 439; *Reynolds v. Crawfordsville Bank*, 112 U. S. 405. Cases holding that an assignee of good-will may use the old name, *United States Light & Heating Co. of Maine v. United States Light & Heating Co. of New York*, 181 Fed. 182; that no state policy is violated, *Booth & Co. v. Weigand*, 30 Utah, 135; *Washburn Mill Co. v. Bartlett*, 3 N. Dak. 138; *Wright v. Lee*, 2 S. Dak. 596; *Kraft v. Hoppe*, 152 Minn. 143; that a statutory penalty is exclu-

sive, *Fritts v. Palmer*, 132 U. S. 282; *David Lupton's Sons Co. v. Automobile Club*, 225 U. S. 489; *Kraft v. Hoppe*, 152 Minn. 143—may be multiplied.

Laches is not a defense to an equity suit to enjoin a fraudulent imitator of another's business or trade name from persisting in the wrong. *Zweck v. Aberdeen Laundry & Dry Cleaning Co.*, 44 S. Dak. 176; *Nolan Bros. Shoe Co. v. Nolan*, 131 Cal. 271; 38 Cyc. 881. Laches, estoppel and limitations have some elements in common. Laches may be invoked prior to the running of the statute of limitations, but only upon equitable terms. It is not available to the appellant. His invasion of appellee's rights was deliberate, persistent, continuing, resourceful and, at times, elusive. We agree with every proposition of law stated in appellant's brief relating to equity rules—"unclean hands," *pari delicto,* and "piracy"—but fail to appreciate their application to the facts before us. Some of appellant's contentions are distinctly technical and are not accepted. A technicality should be temperately resorted to at all times, but not to defeat plain justice. Like every known rule of law, it may be liberally applied to oppose, not aid, a manifest wrong.

Every allegation, and more, contained in appellee's petition is sustained by the proofs, the most damaging having come from the appellant, himself.

The decree of the trial court is the only one that could be properly made, and it is

AFFIRMED.