**Teresa I. KELLER, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent).**

No. 49S00–8906–TA–450.

Supreme Court of Indiana.

Feb. 5, 1990.

Ferd Samper, Samper, Hawkins, Atz & Cook, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lynn A. Francis, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

The State of Indiana seeks dismissal of this appeal on the grounds that appellant's counsel has not provided sufficient citation to authority to permit proper review of the legal claims appellant presents. We agree and dismiss in accordance with Ind.Appellate Rule 8.3(A)(7).

Appellant Teresa I. Keller owned and operated "Barbie's Rubdown" in Danville. Customers of "Barbie's" received services in private rooms from female employees, who then collected a fee for their services. The amount of the fee depended partially upon the presence or absence of the employee's clothing. Keller received $25 of that fee for room rental.

In April 1984, an Anderson police officer, assisting the State Police in a criminal investigation, went to "Barbie's" posing as a patron. After the police officer received a great deal more than a mere rubdown, the attending employee was arrested for prostitution. Keller was also arrested for promoting prostitution.

The prostitution charges against Keller were eventually dropped, but the State Police furnished their information to the Indiana Department of State Revenue. The State then charged Keller with failing to file state income tax returns for the years 1982, 1983 and 1984. In the last assessment given to Keller, the State asserted that she owed $17,163.51.

On April 21, 1988, Keller filed an original tax appeal and a petition to enjoin the collection of tax in the Indiana Tax Court. The Attorney General argued that Keller was not before the court with clean hands and thus could not invoke the equitable jurisdiction of the Tax Court. The Tax Court entered the injunction and ordered Keller to post bond or security for the amount of tax, interest and penalties allegedly owed the Indiana Department of State Revenue. *Keller v. Indiana Department of Revenue* (1988), Ind.Tax, 530 N.E.2d 787. Keller failed to provide any security

by the Tax Court's deadline of December 19, 1988, and the Tax Court dismissed Keller's appeal and the injunction against collection of taxes.

In the proceeding before the Tax Court, Keller testified and submitted an affidavit. She asserted that she is no longer involved in "Barbie's" and that she is a pauper, owning only a fur coat and a 1982 automobile. Hence, she argues she is financially unable to post security for the injunction. The State does not directly contest Keller's claim that she is a pauper; it does point out that Keller and her husband recently bought a $60,000 house.

The State also asserts that the argument in Keller's brief fails to comply with Rule 8.3(A)(7) of the Indiana Rules of Appellate Procedure,[1] which provides:

> The argument shall contain the contentions of the appellant with respect to the issues presented, the reasons in support of the contentions along with citations to the authorities, statutes, and parts of the record relied upon, and a clear showing of how the issues and contentions in support thereof relate to the particular facts of the case under review.

Appellant's brief contains a section entitled "Argument," consisting of 18 sentences. About half of these recite procedural history or the statutes governing Tax Court injunctions. The heart of the argument is five sentences, covering two subjects.

First, appellant states: "Indiana Rules of Court, Rule TR 65 provides that no restraining order on preliminary [sic] shall issue except upon the giving of security by the applicant. These [sic] is no mandatory language requiring security upon the issuing of the injunction. Therefore, there is no law or rule requiring the posting of the bond or security." Appellant does not cite any authority for this assertion.

The Tax Court's order was plainly a preliminary injunction: "Accordingly, the petition to enjoin collection of the tax *pending* the consideration of the original tax appeal is hereby granted." *Keller,* 530 N.E.2d at 791 (emphasis added). The rule to which appellant refers states: "No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant...." Ind.Trial Rule 65(C).

Second, appellant declares: "Therefore, the tax court is denying a poor person access to the judicial system. Obviously, this is a denial of due process and equal protection of the law." Again, appellant does not provide any authority or explanation.

The requirement in Appellate Rule 8.3(A)(7) that a party provide cogent argument with adequate citation of authority serves at least two objectives. First, it affords opposing parties a fair opportunity to respond. Second, it promotes impartiality in the appellate tribunal; a court which must search the record and make up its own arguments because a party has presented them in perfunctory form runs the risk of being an advocate rather than an adjudicator.

In the nineteenth century, Indiana's appellate courts dismissed appeals for faults like inadequate margin notes in the transcript. *Rhodes v. Piper* (1873), 42 Ind. 474. The modern practice is to avoid dismissals on technical grounds. Still, we will not treat issues seriously when the parties themselves treat them frivolously. *See St. John v. State* (1988), Ind., 523 N.E.2d 1353; *Stroud v. State* (1988), Ind., 517 N.E.2d 780; *Reed v. State* (1985), Ind., 479 N.E.2d 1248, 1253.

If Keller pays the tax, she may still have her day in court by filing a claim for refund of the tax. Ind.Code § 6–8.1–9–1 (West Supp.1989).

---

[1] Before the State filed its reply brief, it moved to dismiss on these grounds as well as several others. To preserve the possibility of ruling on the merits, we elected not to dismiss on App.R. 8.3(A)(7) grounds. We denied the motion to dismiss but granted the State's petition for certiorari, which sought to place before the Court a complete record under App.R. 15(D). We also granted the State's petition for an extension of time. Appellant's reply brief also failed to comply with App.R. 8.3(A)(7).

We dismiss this appeal for failure to comply with Appellate Rule 8.3(A)(7).

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.