## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 17 2019, 9:55 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT, PRO SE

Steven B. Manus
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In Re: The Paternity of:
S.O.H.;

Steven B. Manus,

*Appellant-Respondent,*

v.

Danyel Hairston,

*Appellee-Petitioner.*

July 17, 2019

Court of Appeals Case No.
19A-JP-147

Appeal from the Allen Superior Court

The Honorable Andrea R. Trevino, Judge

Trial Court Cause No.
02D07-9406-JP-455

**Pyle, Judge.**

## Statement of the Case

Manus appeals the trial court's order dated January 4, 2019 (the "Order"), in which the trial court denied his request to retroactively modify or vacate his child support arrearage.[1]  Because Manus has failed to present a cogent argument, we deem any alleged errors waived and dismiss his appeal.

We dismiss.

## Decision

At the outset, we note that Manus has chosen to proceed pro se in this appeal.

> It is well settled that pro se litigants are held to the same legal standards as licensed attorneys.  This means that pro se litigants are bound to follow the established rules of procedure and must be prepared to accept the consequences of their failure to do so.  These consequences include waiver for failure to present cogent argument on appeal.  While we prefer to decide issues on the merits, where the appellant's noncompliance with appellate rules is so substantial as to impede our consideration of the issues, we may deem the alleged errors waived.  We will not become an advocate for a party, or address arguments that are inappropriate or too poorly developed or expressed to be understood.

---

[1] This case comes before this Court following a lengthy procedural history. Within the Order, the trial court took judicial notice of its six prior orders addressing and denying relief for the same or substantially similar arguments, and it admonished Manus to cease filing repetitive pleadings, documents that are not legal pleadings, and documents that constitute ex parte communication.  The trial court further encouraged Manus to consult legal counsel.

*Basic v. Amouri*, 58 N.E.3d 980, 983-84 (Ind. Ct. App. 2016) (internal quotation marks and citation omitted), *reh'g denied*.

[5] Here, Manus's brief falls far short of the standards established in the Indiana Appellate Rules. His arguments are incoherent and thus lack the "cogent reasoning" required by Appellate Rule 46(A)(8)(a). Throughout his twenty-five page brief, Manus quotes heavily from statutes that are inapplicable to child support arrearage (including the Uniform Commercial Code, the Omnibus Budget Reconciliation Act of 1993, and House Joint Resolution – 192). In the few instances when Manus is not quoting directly from a statute, he asserts legal conclusions that are unsupported by his indiscriminate citation to authority.

[6] Manus's failure to follow the appropriate appellate rules has hampered our review of his appeal. As a result, he waives consideration of any alleged errors, and we dismiss his appeal. *See Keller v. State*, 549 N.E.2d 372, 373 (Ind. 1990) (dismissing appeal because of appellant's failure to provide cogent argument with citation to relevant authority).

[7] Dismissed.

Riley, J., and Bailey, J., concur.