**James B. PARRISH**

v.

**James L. DALY, District Director, Internal Revenue Service.**

**No. IP 72-C-307.**

United States District Court,
S. D. Indiana,
Indianapolis Division.

Oct. 16, 1972.

F. Pen Cosby, Indianapolis, Ind., for plaintiff.

Stanley B. Miller, U. S. Dist. Atty., by Richard L. Darst, Asst. U. S. Atty., for defendant.

ENTRY

NOLAND, District Judge.

The plaintiff in this case has asked for a permanent injunction restraining

the defendant from seizing money or personal property of the plaintiff pursuant to a Notice of Termination of Taxable Period given by defendant to plaintiff under § 6851 of the Internal Revenue Code. Defendant has filed a Motion to Dismiss on the grounds that the Court lacks jurisdiction to enjoin the collection of federal taxes. Although this motion is characterized as a motion to dismiss for lack of subject matter jurisdiction it is really based on an assertion that the plaintiff has failed to state a claim on which relief can be granted. Therefore, it is a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Suits to enjoin the collection and assessment of taxes are barred by statute. Section 7421 of the Internal Revenue Code states that "no suit for the purpose of restraining the assessment or collection of any tax [may] be maintained in any court by any person    . . ." except as provided in § 6213(a). The present action on its face is one to enjoin the present and prospective collection of federal taxes, and is thus within the general bar of the statute. The plaintiff apparently attempts to bring himself within the exception provided under § 6213(a).

In the cases of Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422 (1932) and Enochs v. Williams Packing and Navigation Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962) the Supreme Court has established an extremely limited judicial exception to the general bar of § 7421. The Court ruled that § 7421 is inapplicable "if it is clear that under no circumstances could the Government ultimately prevail" and if the traditional requisites for equitable relief are otherwise present. Williams Packing, 370 U.S. at 7, 82 S.Ct. at 1129.

■ The only case in which the Supreme Court has permitted an injunction to stand in spite of § 7421 is Miller v. Standard Nut Margarine, *supra*, which involved the unusual circumstance that the product manufactured by the plaintiff had previously been ruled to be exempt from the excise tax that was subsequently sought to be collected. In order for the plaintiff to bring his case within the *Standard Nut Margarine* rule, he must show that he has previously been adjudicated free of those income taxes now assessed against him, and thus that the Government under no circumstances can ultimately prevail. As long as there has been no prior adjudication of the liabilities of the plaintiff for 1972, the rule of *Standard Nut Margarine* does not permit an injunction against collection.

In the instant case the District Director, acting pursuant to the authority contained in § 6851 determined that there was a threat that the taxpayer would act to conceal or to remove his property, which would render virtually uncollectible the present tax liabilities; therefore, in accordance with § 6851 he terminated the 1972 taxable year of the plaintiff herein, and declared that the liability for the terminated period was immediately due and payable. An immediate assessment was made against the taxpayer under the authority contained in § 6201.

■ Section 6211 of the Internal Revenue Code defines "deficiency" as the amount by which the tax imposed by statute exceeds the amount of tax shown on the taxpayer's return; § 6213 requires that a notice of deficiency be sent to the taxpayer prior only to the assessment of a deficiency. The amount of tax determined for a taxable period that has been terminated in accordance with § 6851 is not a deficiency; it is only a provisional statement of the amount that must be presently paid as a protection against the impossibility of collection at some future date. On this point the Seventh Circuit stated in the case of Williamson v. United States, No. 17,992 (7th Cir. 1971):

"We believe, however, that the deficiency notice requirement cannot be read into Section 6851 because the as-

sessment made under that section is not a deficiency as defined in Section 6211. That section defines a deficiency as the amount by which the 'tax imposed' exceeds the amount shown on the tax return. The assessment in this case was not an imposed tax, but merely an amount which the I.R.S. believed justified the termination of the taxable year. Since no return had been filed at the date of the assessment, no deficiency was determinable. Ludwig Littauer & Co. Inc. v. Com'r of Int. Rev., 37 B.T.A. 840, 843 (1938)."

■ In his memorandum in support of the petition for a temporary restraining order, the plaintiff argues that it is unjust and improper for the Internal Revenue Service to seize his property for payment of taxes without any prior hearing, and that he is therefore deprived the due process of law as guaranteed by the Constitution of the United States. Nevertheless, the Supreme Court of the United States has long ago established that, in view of the necessity of the collection of the revenues to sustain the Government, and in view of the protection of the right to a post-seizure adjudication, the taxing authorities may lawfully seize a citizen's property in payment of taxes, prior to the opportunity for any adjudication of his liability. Phillips v. Commissioner of Internal Revenue, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289 (1931), recently endorsed by Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 2000, 32 L.Ed.2d 556 (1972).

The taxpayer-plaintiff herein has an adequate means to obtain a judicial determination of his income tax liability for the year 1972. The remedy of a taxpayer whose year has been terminated is to file a return for the short period, followed by a return for the entire taxable year. This short year return opens up the terminated period, which then ceases to exist, i. e., it is absorbed into the full year. Treasury Regulations, Sec. 1.-6851–1(b)(2) and (c).

The plaintiff retains both his well-established right to bring an action in the District Court for a refund of federal income taxes, or in the alternative, to petition the United States Tax Court for a redetermination of his liabilities, once the Commissioner issues him a statutory notice of deficiency. Each of these actions simply depends upon the filing by the taxpayer of his income tax return for 1972. The action by the District Director in terminating the plaintiff's taxable year and declaring his 1972 income taxes to be immediately due and owing is the congressionally authorized method for the immediate collection of income taxes for the present year, whenever the District Director believes that such collection would be prevented by the threat of the taxpayer to remove or conceal either himself or his assets.

The plaintiff herein relies heavily upon the case of Schreck v. United States, 301 F.Supp. 1265 (D.Md., 1969). The reasoning in that case has been repudiated by the Court of Appeals for the Seventh Circuit in an unreported opinion in the case of Williamson v. United States, No. 17,992 (7th Cir. 1971).

Since the plaintiff has failed to show that he comes within the § 6213(a) exception to § 7421, § 7421 applies and prohibits the plaintiff from pursuing this suit. Therefore, the defendant's Motion to Dismiss should be GRANTED because the plaintiff has failed to state a claim on which relief may be granted.