**Charles R. RAMBO, Plaintiff-Appellee,**

**v.**

**UNITED STATES of America and District Director of Internal Revenue for the District of Kentucky, Defendants-Appellants.**

**Nos. 73-1131, 73-1413.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 17, 1973.

Decided Feb. 12, 1974.

Richard Farber, Tax Div., Dept. of Justice, for defendants-appellants; Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Crombie J. D. Garrett, Attys., Tax Div., Dept. of Justice, Washington, D. C., on brief; George J. Long, U. S. Atty., of counsel.

David W. Gray, Louisville, Ky., for plaintiff-appellee; Michael J. Clare, Louisville, Ky., on brief.

Before CELEBREZZE and MILLER, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

WILLIAM E. MILLER, Circuit Judge.

These consolidated appeals raise important and difficult questions concern-

ing the statutory authority of the Internal Revenue Service to collect "jeopardy assessments" and the procedural safeguards available to the taxpayer.

Charles Rambo, the taxpayer-appellee, was arrested on April 6, 1972, for reckless driving. A search of his car and person revealed a supply of drugs and $2,200 in cash. The arrest resulted in the revocation of the appellee's probation arising from previous charges, for which he is currently serving a sentence in the Jefferson County Jail. However, he was not prosecuted on any charge relating to the arrest of April 6.

On April 24, 1972, the District Director of Internal Revenue for the District of Kentucky wrote appellee, advising him that pursuant to Section 6851 of the Internal Revenue Code, his taxable period beginning January 1, 1972 was terminated as of April 24, 1972. An income tax of $28,446.88 was said to be immediately due and payable. The next day, on April 25, 1972, an assessment for income taxes in the above amount was made, and a notice of a federal tax lien was filed with the Jefferson County Court in Louisville. Simultaneously, notices of levy were served on appellee and his bank. Three automobiles were taken from the taxpayer while the bank turned over to the I.R.S. appellee's account, amounting to $12,661.25. Public sale of the automobiles was scheduled for September 14, 1972.

On August 14, 1972, Rambo filed in the United States District Court a complaint seeking both a preliminary and permanent injunction prohibiting the sale of his cars and requiring that the seized property be returned to him. The court enjoined the public sale, and an interlocutory appeal was taken to this Court. Before the appeal could be heard, the district court entered summary judgment for appellee—thereby ordering the government to return all property and to refrain from further attempts to collect the tax assessed for the terminated period. Furthermore, the court ordered the I.R.S. to release all encumbrances from the taxpayer's property. However, during the pendency of this appeal that order was stayed, except that one automobile was released for the use of Rambo's wife.

Because the issues in this case involve the interpretation and inter-relationship of a substantial number of sections of the Internal Revenue Code, we reproduce the principal ones in the appendix to this opinion rather than in footnotes.

■ The I.R.S. decided that Rambo's tax was "in jeopardy" within the ambit of Sec. 6851. This section authorizes the Secretary to terminate the taxable period of a taxpayer and to demand payment of the tax due for such terminated period upon finding that the taxpayer designs to do "any other act tending to prejudice or to render wholly or partly ineffectual" collection of the tax for the current year. Acting pursuant to Sec. 6851, the Service terminated Rambo's taxable year; determined a tax for the year to date and proceeded to assess the tax. The Service concedes that Sec. 6851 does not contain any independent authority for making an assessment;[1] instead, as authority for making the assessment it relies on the general provisions of Sec. 6201. That section generally authorizes the I.R.S. to make assessments of taxes but it makes no reference to a "deficiency notice." Once an assessment is made under that section, the I.R.S. could use its extensive statutory power to levy on the taxpayer's property and hold a public sale to satisfy the amount of the tax. See Sec. 6331 et seq. The taxpayer normally would have no recourse to the courts to halt these proceedings because of the provision in the code which generally prohibits suits

1. An assessment is an administrative determination that a certain amount is currently due and owing as a tax. It makes the taxpayer a debtor in much the same way as would a judgment. *See* Bull v. United States, 295 U.S. 247, 259–260, 55 S.Ct. 695, 79 L.Ed. 1421 (1935) ; Cohen v. Gross, 316 F.2d 521 (3rd Cir. 1963) ; Chommie, Federal Income Taxation, 650 (1968).

that seek to restrain the assessment or collection of any tax. Sec. 7421(a).[2]

The taxpayer's only remedy would be to pay the tax; file a return at the end of the taxable year; then bring an action for a refund. See Secs. 6511, 6532 and 7422.

In the present case the district court rejected the position of the I.R.S. that the assessment was made under Sec. 6201 primarily because it found that the statutory authority for assessing a tax, which has been determined under Sec. 6851, is conferred by Sec. 6861, not Sec. 6201. Section 6861, which appears in the code under the heading, "Jeopardy Assessment," provides that once the I.R.S. determines that the collection of a "deficiency" may be jeopardized by delay, it can immediately assess the deficiency and demand payment thereof. In so doing, it must give a deficiency notice to the taxpayer within 60 days after the assessment.[3] This is in contrast to the general "deficiency notice" provision of Sec. 6212 which authorizes the secretary upon determination of a deficiency to send notice to the taxpayer of such deficiency without specifying the time within which the notice must be given. If the Service fails to issue a deficiency notice under Sec. 6861 after declaring a deficiency, within 60 days of the assessment, the taxpayer may seek an injunction against the collection of the tax and invalidation of any prior levy. Schreck v. United States, 301 F.Supp. 1265 (D. Md.1969); Lisner v. McCanless, 356 F. Supp. 398 (D.Ariz.1973). *Cf.* United States v. Ball, 326 F.2d 898, 902, 903 (4th Cir. 1964). That is exactly what happened in this case. Since the Internal Revenue Service did not send Rambo a deficiency notice, and since the district court held that authority for assessment was derived from Sec. 6861, the court

enjoined collection of the tax and ordered his property returned.

The issuance of a deficiency notice is of substantial importance to the taxpayer. The receipt of the notice is a jurisdictional prerequisite to litigation in the Tax Court, 26 U.S.C. Sec. 6213(a); Mason v. Commissioner of Internal Revenue, 210 F.2d 388 (5th Cir. 1954), to contest the validity of the tax before it is paid. Otherwise, he must pay the full tax and then bring suit in a federal district court for refund. Flora v. United States, 362 U.S. 145, 80 S.Ct. 630, 4 L. Ed.2d 623 (1960) [decision on rehearing of 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958)]. Also, while awaiting the decision of the Tax Court, the jeopardy taxpayer may stall collection proceedings if he is able to post an adequate bond, Sec. 6863(a). If he cannot, the seized property cannot be sold absent certain limited exigent circumstances. Sec. 6863(b)(3)(A). The I.R.S. may abate the jeopardy assessment if it finds that jeopardy does not exist. Sec. 6861(g). Although the I.R.S. still has extensive power under the jeopardy assessment provisions of Sec. 6861, such as the power to make an assessment and to seize but not to sell property, the limited procedural safeguards to the taxpayer under that section are of unquestionable value to him.

The government argues that the crucial flaw in the opinion of the district court is that Sec. 6861 is only for the jeopardy assessment of a deficiency as defined in Sec. 6211. That section reads in pertinent part:

§ 6211. Definition of a deficiency.

(a) In general.

For purposes of this title in the case of income, estate gift, and excise taxes, imposed by subtitles A and B,

---

2. The Supreme Court has carved out a very limited *judicial* exception to § 7421(a). Enochs v. Williams Packing Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). Because of our decision we need not decide whether the facts of this case would be within this judicially-created exception.

3. Such a deficiency notice, as pointed out below, is a jurisdictional prerequisite to the right to petition the Tax Court for a redetermination of the tax.

and chapter 42, the term "deficiency" means the amount by which the tax imposed by subtitle A or B or chapter 42 exceeds the excess of—

(1) the sum of

(A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus

(B) the amounts previously assessed (or collected without assessment) as a deficiency, over—

(2) the amount of rebates, as defined in subsection (b)(2), made.

Therefore, the Service concludes that a deficiency can only exist after a taxpayer files a return showing a lesser amount of tax than is due or until the time for filing a return is past, and the taxpayer has not complied. On the other hand, Sec. 6851 says nothing about a deficiency, but merely that a taxable year may be terminated early whenever collection of the tax would be prejudiced or rendered ineffectual. By definition, the government argues, termination under Sec. 6851 cannot result in a deficiency because the taxable year is not at an end, and a return has not been filed. Instead of a deficiency, a Sec. 6851 termination results in a "provisional statement of the amount which must be presently paid as a protection against the impossibility of collection." Ludwig Littauer & Co. v. Commissioner, 37 B.T.A. 840, 842 (1938).

Support of the position of the Internal Revenue Service comes also from a decision of the Tax Court and two recent Circuit Court decisions. In Puritan Church—Church of America v. Commissioner, 10 TCM 485 (1951), aff'd per curiam on other grounds, 93 U.S.App.D.C. 129, 209 F.2d 306 (1953), cert. denied 347 U.S. 975, 74 S.Ct. 787, 98 L.Ed. 1115 (1953), the Tax Court implied that no deficiency notice was required when a tax year was terminated under the predecessor of Sec. 6851. Interestingly, the court seemed to believe that the assessment authority came from Sec. 6851 itself—a position which the I.R.S. now concedes is incorrect. Similarly, in Williamson v. United States, 31 A.F.T.R.2d 800 (7th Cir. 1973), the court held that no deficiency notice need be sent under Sec. 6851. The court appeared erroneously to have relied on Sec. 6851 for the assessment authority. The tax due after the taxable year was terminated, pursuant to the statute, was characterized as follows:

We believe, however, that the deficiency notice requirement cannot be read into § 6851 because the assessment made under that section is not a deficiency as defined in § 6211. That section defines a deficiency as the amount by which the "tax imposed" exceeds the amount shown on the tax return. The assessment in this case was not an imposed tax, but merely an amount which the I.R.S. believed justified the termination of the taxable year. Since no return had been filed at the date of the assessment, no deficiency was determinable. Ludwig Littauer & Co., Inc. v. Com'r of Int. Rev., 37 B.T.A. 840, 843 (1938).

Relying on this language, the Second Circuit also held that a deficiency was not created by the termination of the taxable year under Sec. 6851. Irving v. Gray, 479 F.2d 20 (2nd Cir. 1973). However, apparently accepting the new position of the I.R.S., the court found that authority for short year assessments came under Sec. 6201, not Sec. 6861.

In the current case the district court recognized these decisions but was persuaded by the reasoning of those courts which have found that the only assessment authority for Sec. 6851 is under Sec. 6861. It therefore was held that a deficiency notice was necessary as Sec. 6861 clearly mandates. Schreck v. United States, 301 F.Supp. 1265 (D.Md. 1969); Clark v. Campbell, 341 F.Supp. 171 (N.D.Tex.1972); Lisner v. McCanless, 356 F.Supp. 398 (D.Ariz.1973). We find this reasoning to be persuasive.

In order to approve this result it is critical to find that the district court

was correct in concluding that the short year tax declared under Sec. 6851 was a "deficiency" within the meaning of 6211 and 6861. Under Sec. 6211(a), as we have seen, a "deficiency" is the amount by which the tax imposed exceeds the amount shown as the tax by the taxpayer on his return. Sec. 443(a)(3) of the 1954 code requires a return to be filed when the secretary terminates the taxable year under Sec. 6851. No such return was filed by the taxpayer in this case. And by its own regulations the Service has provided in case of a terminated year that if no return is filed or if a return is filed which lists no tax, "the deficiency is the amount of the tax imposed by subtitle A, chapter 11, or chapter 12." Revenue Regulations Sec. 301.6211-1(a). The letter which Rambo received from the District Director of the Internal Revenue Service stated: "I declare the taxable period 1–1–72 thru 4–24–72 immediately terminated and the income tax for such period immediately due and payable." The letter went on to state that any part of the $28,446.88 which was unpaid would be immediately assessed against Rambo, as it in fact was. Clearly, the I.R.S. has imposed a tax and just as clearly the taxpayer has denied that he owes that amount by refusing either to pay the imposed tax or to file a return. Consequently, the tax imposed, $28,446.88, became the deficiency. *See* Schreck v. United States, *supra*. The statute itself in no way limits the definition of a deficiency to a determination made only at the end of the taxable year.

Sections 6851 and 6861 both appear in Chapter 70, Subchapter A of the Internal Revenue Code under the heading "Jeopardy." Since Sec. 6851 does not authorize assessment for the tax which is found due for the terminated year, it is reasonable that Congress intended that the next succeeding section in the code (Sec. 6861), entitled "Jeopardy Assessments," should provide that authority.

This reading of the code is further supported by its legislative history.

Section 250(g) of the Revenue Act of 1918, the forerunner of § 6851, authorized the I.R.S. to terminate the taxpayer's taxable year; determine the taxes owed and declare them due and payable. Assessment authority for all taxes, with or without jeopardy, was contained in § 1317. Moreover, all taxpayers were required first to pay a disputed tax and later bring an action for a refund. In succeeding revenue acts—first in 1924, then in 1926—the Congress sought to mitigate the harshness of the rule which required the taxpayer to pay the tax before he could have a hearing. See H.R. Rep.No.179, 68th Cong., 1st Sess. 7 (1924). Consequently, Congress established the Board of Tax Appeals, later the Tax Court, as a non-prepayment forum. Under the 1926 Revenue Act, the I.R.S. was given the authority to make jeopardy assessments; but it was required to give notice of the deficiency within 60 days after the assessment.

We interpret this development of the tax law as a movement away from the harsh, and often unjust, effects of a code which required the taxpayer to pay his tax before he could have a judicial hearing on the amount properly due. The nonjeopardy taxpayer was protected from assessment while his case was pending in the tax court. The jeopardy taxpayer, although his tax could be assessed, was guaranteed certain procedural safeguards—for example, as a general rule his property could not be sold during the pendency of the proceeding before the tax court. It is inconceivable to us that Congress could have intended to have given this minimal procedural protection to jeopardy taxpayers against whom a deficiency is assessed at the end of the taxable year but not to taxpayers whose year is terminated under Sec. 6851. Instead, we find that the procedural requirements of Secs. 6861 and 6863 are meant for "jeopardy assessments," including those made following termination of the tax year under Sec. 6851.

Were the code to be interpreted as the I.R.S. suggests, significant constitution-

al problems would arise. A system that permits the government to seize and sell property without affording the taxpayer any opportunity for a judicial determination of the validity of the tax prior to payment could very well raise a serious question of a denial to the taxpayer of his property without due process of law. *Cf.* Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 1999, 32 L.Ed.2d 556 (1972), and Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969). Interestingly, in *Fuentes* the Court recognized that there are " 'extraordinary situations' that justify postponing notice and opportunity for a hearing." 407 U.S. at 90, 92 S.Ct. at 1999. These situations all involve "[an] important governmental or general public interest" coupled with a "special need for very prompt action." Id. at 92, 92 S.Ct. at 2000. In support the Court cited Phillips v. Commissioner, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289 (1931), a case in which the taxpayer challenged the collection of a deficiency that had been made under Sec. 280(a)(1) of the Revenue Code of 1926. The taxpayer argued that due process was violated because the taxes would be collected before he could have the proper amount determined by a federal district court. Justice Brandeis, speaking for the Court, disagreed:

> The procedure provided in Section 280(a)(1) satisfies the requirements of due process because two alternate methods of eventual judicial review are available to the transferee. He may contest his liability by bringing an action, either against the United States or the collector, to recover the amount paid. . . . Or the transferee may avail himself of the provisions for immediate redetermination of the liability by the Board of Tax Appeals. . . . 283 U.S. at 597–598, 51 S.Ct. at 612.

Since we conclude that the taxpayer has been denied the procedural safeguards set forth herein, including access to the tax court for redetermination of the tax imposed, we affirm the judgment of the district court.

Affirmed.

## APPENDIX

Internal Revenue Code of 1954 (26 U.S. C.):

### SEC. 6201. ASSESSMENT AUTHORITY.

(a) **Authority of Secretary or Delegate.**—The Secretary or his delegate is authorized and required to make the inquiries, determinations, and assessments of all taxes (including interest, additional amounts, additions to the tax, and assessable penalties) imposed by this title, or accruing and under any former internal revenue law, which have not been duly paid by stamp at the time and in the manner provided by law. Such authority shall extend to and include the following:

(1) **Taxes shown on return.**—The Secretary or his delegate shall assess all taxes determined by the taxpayer or by the Secretary or his delegate as to which returns or lists are made under this title.

(2) **Unpaid taxes payable by stamp.**—

(A) **Omitted stamps.**—Whenever any article upon which a tax is required to be paid by means of a stamp is sold or removed for sale or use by the manufacturer thereof or whenever any transaction or act upon which a tax is required to be paid by means of a stamp occurs without the use of the proper stamp, it shall be the duty of the Secretary or his delegate, upon such information as he can obtain, to estimate the amount of tax which has been omitted to be paid and to make assessment therefor upon the person or persons the Secretary or

his delegate determines to be liable for such tax.

(B) **Check or money order not duly paid.**—In any case in which a check or money order received under authority of section 6311 as payment for stamps is not duly paid, the unpaid amount may be immediately assessed as if it were a tax imposed by this title, due at the time of such receipt, from the person who tendered such check or money order.

(3) **Erroneous income tax prepayment credits.**—If on any return or claim for refund of income taxes under subtitle A there is an overstatement of the credit for income tax withheld at the source, or of the amount paid as estimated income tax, the amount so overstated which is allowed against the tax shown on the return or which is allowed as a credit or refund may be assessed by the Secretary or his delegate in the same manner as in the case of a mathematical error appearing upon the return.

(b) [as amended by Sec. 2(b), Act of August 7, 1969, P.L. 91–53, 83 Stat. 91] **Amount Not To Be Assessed.—**

(1) **Estimated income tax.**—No unpaid amount of estimated tax under section 6153 or 6154 shall be assessed.

\* \* \* \* \* \*

(d) [as amended by Sec. 101(j)(38), Tax Reform Act of 1969, P.L. 91–172, 83 Stat. 487] **Deficiency Proceedings.—**

For special rules applicable to deficiencies of income, estate, gift, and chapter 42 taxes, see subchapter B.

SEC. 6211. DEFINITION OF A DEFICIENCY.

(a) [as amended by Sec. 101(f), Tax Reform Act of 1969, *supra*] **In General.**—For purposes of this title in the case of income, estate, gift, and excise taxes, imposed by subtitles A and B, and chapter 42, the term "deficiency" means the amount by which the tax imposed by subtitle A or B or chapter 42 exceeds the excess of—

(1) the sum of

(A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus

(B) the amounts previously assessed (or collected without assessment) as a deficiency, over—

(2) the amount of rebates, as defined in subsection (b)(2), made.

\* \* \* \* \* \*

SEC. 6212. NOTICE OF DEFICIENCY.

(a) [as amended by Sec. 89(b), Technical Amendments Act of 1958, P.L. 85–866, 72 Stat. 1606, and Sec. 101(j)(40), Tax Reform Act of 1969, *supra*] **In General.**—If the Secretary or his delegate determines that there is a deficiency in respect of any tax imposed by subtitle A or B or chapter 42, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.

\* \* \* \* \* \*

(c) **Further Deficiency Letters Restricted.—**

(1) [as amended by Sec. 101(f), Tax Reform Act of 1969, *supra*, and Sec. 102(d), Excise, Estate and Gift Tax Adjustment Act of 1970, P.L. 91–614, 84 Stat. 1836] **General rule.**—If the Secretary or his delegate has mailed to the taxpayer a notice of deficiency as provided in subsection (a), and the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a), the Secretary or his delegate shall have no right to determine any additional deficiency of income tax for the same taxable year, of gift tax for the same calendar quarter, of estate tax in respect of the taxable estate of the same dece-

dent, of section 4940 tax for the same taxable year, or of chapter 42 tax (other than under section 4940) with respect to any act (or failure to act) to which such petition relates except in the case of fraud, and except as provided in section 6214(a) (relating to assertion of greater deficiencies before the Tax Court), in section 6213(b)(1) (relating to mathematical errors), or in section 6861(c) (relating to the making of jeopardy assessments).

\*     \*     \*     \*     \*     \*

SEC. 6213.  RESTRICTIONS APPLICABLE TO DEFICIENCIES; PETITION TO TAX COURT.

(a) [as amended by Sec. 101(j)(42), Tax Reform Act of 1969, *supra*] **Time for Filing Petition and Restriction on Assessment.**—Within 90 days, or 150 days if the notice is addressed to a person outside the States of the Union and the District of Columbia, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency.   Except as otherwise provided in section 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A or B or chapter 42 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court.

\*     \*     \*     \*     \*     \*

## § 6331.  Levy and distraint.

### (a) Authority of Secretary or delegate.

If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary or his delegate to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax.   Levy may be made upon the accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia, by serving a notice of levy on the employer (as defined in section 3401(d)) of such officer, employee, or elected official.  If the Secretary or his delegate makes a finding that the collection of such tax is in jeopardy, notice and demand for immediate payment of such tax may be made by the Secretary or his delegate and, upon failure or refusal to pay such tax, collection thereof by levy shall be lawful without regard to the 10-day period provided in this section.

### (b) Seizure and sale of property.

The term "levy" as used in this title includes the power of distraint and seizure by any means.  A levy shall extend only to property possessed and obligations existing at the time thereof.   In any case in which the Secretary or his delegate may levy upon property or rights to property, he may seize and sell such property or rights to property (whether real or personal, tangible or intangible). \*   \*   \*

## § 6332.  Surrender of property subject to levy.

### (a) Requirement.

Except as otherwise provided in subsection (b), any person in possession

of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary or his delegate, surrender such property or rights (or discharge such obligation) to the Secretary or his delegate, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process. * * *

§ 6335. Sale of seized property.

(a) Notice of seizure.

As soon as practicable after seizure of property, notice in writing shall be given by the Secretary or his delegate to the owner of the property (or in the case of personal property, the possessor thereof), or shall be left at his usual place of abode or business if he has such within the internal revenue district where the seizure is made. If the owner cannot be readily located, or has no dwelling or place of business within such district, the notice may be mailed to his last known address. Such notice shall specify the sum demanded and shall contain, in the case of personal property, an account of the property seized and, in the case of real property, a description with reasonable certainty of the property seized.

(b) Notice of sale.

The Secretary or his delegate shall as soon as practicable after the seizure of the property give notice to the owner, in the manner prescribed in subsection (a), and shall cause a notification to be published in some newspaper published or generally circulated within the county wherein such seizure is made, or if there be no newspaper published or generally circulated in such county, shall post such notice at the post office nearest the place where the seizure is made, and in not less than two other public places. Such notice shall specify the property to be sold, and the time, place, manner, and conditions of the sale thereof. Whenever level is made without regard to the 10-day period provided in section 6331(a), public notice of sale of the property seized shall not be made within such 10-day period unless section—36 (relating to sale of perishable goods) is applicable.

\*   \*   \*   \*   \*   \*

§ 6511.   Limitations on credit or refund.

(a) Period of limitation on filing claim.

Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. Claim for credit or refund of an overpayment of any tax imposed by this title which is required to be paid by means of a stamp shall be filed by the taxpayer within 3 years from the time the tax was paid.

\*   \*   \*   \*   \*   \*

§ 6532.   Periods of limitation on suits.

(a) Suits by taxpayers for refund.

(1) General rule.

No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary or his delegate renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary or his delegate to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

\*   \*   \*   \*   \*   \*

## SEC. 6851. TERMINATION OF TAXABLE YEAR

### (a) Income Tax in Jeopardy.—

(1) **In General.**—If the Secretary or his delegate finds that a taxpayer designs quickly to depart from the United States or to remove his property therefrom, or to conceal himself or his property therein, or to do any other act tending to prejudice or to render wholly or partly ineffectual proceedings to collect the income tax for the current or the preceding taxable year unless such proceedings be brought without delay, the Secretary or his delegate shall declare the taxable period for such taxpayer immediately terminated, and shall cause notice of such finding and declaration to be given the taxpayer, together with a demand for immediate payment of the tax for the taxable period so declared terminated and of the tax for the preceding taxable year or so much of said tax as is unpaid, whether or not the time otherwise allowed by law for filing return and paying the tax has expired; and such taxes shall thereupon become immediately due and payable. In any proceeding in court brought to enforce payment of taxes made due and payable by virtue of the provisions of this section, the finding of the Secretary or his delegate, made as herein provided, whether made after notice to the taxpayer or not, shall be for all purposes presumptive evidence of jeopardy.

\*    \*    \*    \*    \*    \*

(b) **Reopening of Taxable Period.**—Notwithstanding the termination of the taxable period of the taxpayer by the Secretary or his delegate, as provided in subsection (a), the Secretary or his delegate may reopen such taxable period each time the taxpayer is found by the Secretary or his delegate to have received income, within the current taxable year, since a termination of the period under subsection (a). A taxable period so terminated by the Secretary or his delegate may be reopened by the taxpayer (other than a nonresident alien) if he files with the Secretary or his delegate a true and accurate return of the items of gross income and of the deductions and credits allowed under this title for such taxable period, together with such other information as the Secretary or his delegate may by regulations prescribe. If the taxpayer is a nonresident alien the taxable period so terminated may be reopened by him if he files, or causes to be filed, with the Secretary or his delegate a true and accurate return of his total income derived from all sources within the United States, in the manner prescribed in this title.

\*    \*    \*    \*    \*    \*

## SEC. 6861. JEOPARDY ASSESSMENTS OF INCOME, ESTATE, AND GIFT TAXES.

(a) **Authority for Making.**—If the Secretary or his delegate believes that the assessment or collection of a deficiency, as defined in section 6211, will be jeopardized by delay, he shall, notwithstanding the provisions of section 6213(a), immediately assess such deficiency (together with all interest, additional amounts, and additions to the tax provided for by law), and notice and demand shall be made by the Secretary or his delegate for the payment thereof.

(b) **Deficiency Letters.**—If the jeopardy assessment is made before any notice in respect of the tax to which the jeopardy assessment relates has been mailed under section 6212(a), then the Secretary or his delegate shall mail a notice under such subsection within 60 days after the making of the assessment.

\*    \*    \*    \*    \*    \*

### (g) Abatement if jeopardy does not exist.

The Secretary or his delegate may abate the jeopardy assessment if he

finds that jeopardy does not exist. Such abatement may not be made after a decision of the Tax Court in respect of the deficiency has been rendered or, if no petition is filed with the Tax Court, after the expiration of the period for filing such petition. The period of limitation on the making of assessments and levy or a proceeding in court for collection, in respect of any deficiency, shall be determined as if the jeopardy assessment so abated had not been made, except that the running of such period shall in any event be suspended for the period from the date of such jeopardy assessment until the expiration of the 10th day after the day on which such jeopardy assessment is abated.

## § 6863.  Stay of collection of jeopardy assessments.

### (a)  Bond to stay collection.

When a jeopardy assessment has been made under section 6861 or 6862, the collection of the whole or any amount of such assessment may be stayed by filing with the Secretary or his delegate, within such time as may be fixed by regulations prescribed by the Secretary or his delegate, a bond in an amount equal to the amount as to which the stay is desired, conditioned upon the payment of the amount (together with interest thereon) the collection of which is stayed, at the time at which, but for the making of the jeopardy assessment, such amount would be due. Upon the filing of the bond the collection of so much of the amount assessed as is covered by the bond shall be stayed. The taxpayer shall have the right to waive such stay at any time in respect of the whole or any part of the amount covered by the bond, and if as a result of such waiver any part of the amount covered by the bond is paid, then the bond shall, at the request of the taxpayer, be proportionately reduced. If any portion of the jeopardy assessment is abated, the bond shall, at the request of the taxpayer, be proportionately reduced.

### (b)  Further conditions in case of income, estate, or gift taxes

In the case of taxes subject to the jurisdiction of the Tax Court—

#### (1)  Prior to petition to Tax Court.

If the bond is given before the taxpayer has filed his petition under section 6213(a), the bond shall contain a further condition that if a petition is not filed within the period provided in such section, then the amount, the collection of which is stayed by the bond, will be paid on notice and demand at any time after the expiration of such period, together with interest thereon from the date of the jeopardy notice and demand to the date of notice and demand under this paragraph.

#### (2)  Effect of Tax Court decision.

The bond shall be conditioned upon the payment of so much of such assessment (collection of which is stayed by the bond) as is not abated by a decision of the Tax Court which has become final. If the Tax Court determines that the amount assessed is greater than the amount which should have been assessed, then when the decision of the Tax Court is rendered the bond shall, at the request of the taxpayer, be proportionately reduced.

#### (3)  Stay of sale of seized property pending Tax Court decision.

##### (A)  General rule.

Where, notwithstanding the provisions of section 6213(a), a jeopardy assessment has been made under section 6861 the property seized for the collection of the tax shall not be sold—

(i) if section 6861(b) is applicable, prior to the issuance of the notice of deficiency and the expiration of the time provided in section 6213(a) for filing petition with the Tax Court, and

(ii) if petition is filed with the Tax Court (whether before or after the making of such jeopardy assessment under section 6861), prior to the expiration of the period during which the assessment of the deficiency would be prohibited if section 6861(a) were not applicable.

**(B) Exceptions.**

Such property may be sold if—

(i) the taxpayer consents to the sale,

(ii) the Secretary or his delegate determines that the expenses of conservation and maintenance will greatly reduce the net proceeds, or

(iii) the property is of the type described in section 6336.

**(C) Applicability.**

Subparagraphs (A) and (B) shall be applicable only with respect to a jeopardy assessment made on or after January 1, 1955, and shall apply with respect to taxes imposed by this title and with respect to taxes imposed by the Internal Revenue Code of 1939.

SEC. 7421. PROHIBITION OF SUITS TO RESTRAIN ASSESSMENT OR COLLECTION.

(a) [as amended by Sec. 110(c), Federal Tax Lien Act of 1966, P.L. 89–719, 80 Stat. 1125] **Tax.**—Except as provided in sections 6212(a) and (c), 6213(a), and 7426(a) and (b)(1), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

\* \* \* \* \* \*

**§ 7422. Civil actions for refund.**

**(a) No suit prior to filing claim for refund.**

No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof.