David B. PREBLE

v.

UNITED STATES of America.

Civ. A. No. 73–3072–F.

United States District Court,
D. Massachusetts.

May 23, 1974.

Thomas M. Mawn, Jr., Woburn, Mass., for plaintiff.

Wayne Hollingsworth, Asst. U. S. Atty., Boston, Mass., for defendant.

## ORDER

FREEDMAN, District Judge.

This is an action seeking an injunction against the collection or enforcement by lien, levy or otherwise, of an income tax assessment of March 28, 1973 against the plaintiff. Jurisdiction is allegedly based on Section 6213(a) of the Internal Revenue Code of 1954 (Code) (26 U.S.C. § 6213(a)) and 28 U.S.C. § 1340. Plaintiff alleges that on March 28, 1973 the Internal Revenue Service (IRS) made an assessment against the plaintiff of income taxes for the period of January 1, 1973 to March 24, 1973, and on that same date filed a Notice of Levy with respect to said assessment and levied upon $16,225.00 in currency which was plaintiff's property then in the possession of local police. The plaintiff further alleges that IRS never issued a deficiency notice with respect to that assessment. The complaint offers nothing further in the way of facts.

Defendant has responded with a motion to dismiss on the grounds that Section 7421 of the Code (26 U.S.C. § 7421) "bars the jurisdiction of this Court to entertain this action." Plaintiff has moved for summary judgment pursuant

to Rule 56. Oral arguments were heard on both motions on April 1, 1974. Extensive briefs have been filed by both parties and considered carefully by the Court. Although there are no affidavits either in support of or in opposition to plaintiff's motion, it does indeed appear from the briefs and from oral argument that there is no dispute as to the relevant facts as alleged in the complaint and that a determination on either motion will turn upon the Court's interpretation of a single issue of law.

Section 6851(a)(1) of the Code (26 U.S.C. § 6851) provides that upon a finding by the IRS that a taxpayer may act in such a manner as to prejudice or render ineffectual proceedings to collect the income tax for the current or preceding taxable year, the Secretary or his delegate may terminate the taxable period and demand payment of the tax which becomes immediately due and payable. Notice of such finding and termination must be given to the taxpayer.[1] As in this case, the notice of termination is often closely followed by an assessment and Notice of Levy. On March 28, 1973 a tax liability of $20,004.00 was assessed against the plaintiff and his money in the possession of the local police levied upon. The IRS has not issued a deficiency notice with respect to his liability for the terminated period. Plaintiff does not raise here any challenge to the finding of the IRS made pursuant to § 6851 as to the necessity for termination of the taxable year nor can he in this Court, at this juncture, challenge the amount of the assessment. Plaintiff is basing his prayer for relief solely on the fact that a deficiency notice was not issued.

 Plaintiff argues that no assessment power exists within § 6851 itself, but that an assessment made in conjunction with a § 6851 termination can only be made pursuant to § 6861 of the Code (26 U.S.C. § 6861)—the jeopardy assessment provision. Defendant concedes that no assessment power exists under § 6581 itself, but argues that such an assessment is made pursuant to § 6201(a) of the Code (26 U.S.C. § 6201(a))—the general assessment provision. Section 6861 provides for the assessment of a "deficiency," as defined in § 6211, where the IRS believes the collection of the deficiency will be occasioned by delay. Such an assessment must be accompanied by a "deficiency notice."[2] An assessment made pursuant

---

1. § 6851. Termination of taxable year
 (a) Income tax in jeopardy.—
 (1) In general.—If the Secretary or his delegate finds that a taxpayer designs quickly to depart from the United States or to remove his property therefrom, or to conceal himself or his property therein, or to do any other act tending to prejudice or to render wholly or partly ineffectual proceedings to collect the income tax for the current or the preceding taxable year unless such proceedings be brought without delay, the Secretary or his delegate shall declare the taxable period for such taxpayer immediately terminated, and shall cause notice of such finding and declaration to be given the taxpayer, together with a demand for immediate payment of the tax for the taxable period so declared terminated and of the tax for the preceding taxable year or so much of such tax as is unpaid, whether or not the time otherwise allowed by law for filing return and paying the tax has expired; and such taxes shall thereupon become immediately due and payable. In any proceeding in court brought to enforce payment of taxes made due and payable by virtue of the provisions of this section, the finding of the Secretary or his delegate, made as herein provided, whether made after notice to the taxpayer or not, shall be for all purposes presumptive evidence of jeopardy.

2. § 6861. Jeopardy assessments of income, estate, and gift taxes
 (a) Authority for making.—If the Secretary or his delegate believes that the assessment or collection of a deficiency, as defined in section 6211, will be jeopardized by delay, he shall, notwithstanding the provisions of section 6213(a), immediately assess such deficiency (together with all interest, additional amounts, and additions to the tax provided for by law), and notice and demand shall be made by the Secretary or his delegate for the payment thereof.
 (b) Deficiency letters.—If the jeopardy assessment is made before any notice in respect of the tax to which the jeopardy assessment relates has been mailed under section 6212(a), then the Secretary or his delegate shall mail a notice under such subsec-

to the general assessment provision, § 6201, does not contemplate a deficiency and a deficiency notice is not required.[3] The issue has been well stated in Schreck v. United States, 301 F.Supp. 1265 (D.C.Md., 1969). "The real issue in this case is whether a taxpayer has a right to have adjudicated in the Tax Court the validity of an assessment in a jeopardy situation made for a short-period." To meet the jurisdictional requirements of the Tax Court, the taxpayer must secure a deficiency notice often referred to as his or her "ticket to the Tax Court." Because there is no requirement for a deficiency notice where an assessment is made pursuant to § 6201, a taxpayer is foreclosed from challenging the assessment in the Tax Court. Irving v. Gray, 479 F.2d 20 (2nd Cir., 1973). Where there is a requirement that the assessment be accompanied by a deficiency notice (§ 6861), as plaintiff asserts is the case here, the taxpayer is entitled to that notice so that he or she may challenge the assessment in the Tax Court prior to paying the assessed tax. See Schreck, supra, at 1284; Lisner v. McCanless, 356 F.Supp. 398, 404 (D.Ariz., 1973) (Appeal Pend-

ing). Defendant argues that § 7421(a) forecloses the Court from granting the requested injunctive relief. That section specifically prohibits the maintenance of suits for the purpose of restraining the collection or assessment of any tax, except as provided in other sections of the Code.[4] One such exception appears in § 6213(a) of the Code wherein it is provided that any assessment for, or levy or collection on a deficiency, may be enjoined until the taxpayer has been sent a notice of deficiency.[5] Under defendant's theory, § 6213(a) is inapplicable and the Court lacks jurisdiction.

The issue of whether an assessment made subsequent to a § 6851 termination is a "deficiency" as contemplated by the provisions of § 6861, is one which has resulted in an almost even split of authority within an ever increasing body of case law. It appears that this is the first time a Court in this Circuit has had to address itself to interpreting the relevant provisions as they relate to this fact pattern. Because the issues have been so thoroughly explored in the many cases out of other Circuits, this Court will not attempt a novel approach of its own, but will ex-

---

tion within 60 days after the making of the assessment.

3. § 6201. Assessment authority

(a) Authority of Secretary or delegate.— The Secretary or his delegate is authorized and required to make the inquiries, determinations, and assessments of all taxes (including interest, additional amounts, additions to the tax, and assessable penalties) imposed by this title, or accruing under any former internal revenue law, which have not been duly paid by stamp at the time and in the manner provided by law.

4. § 7421. Prohibition of suits to restrain assessment or collection

(a) Tax.—Except as provided in sections 6212(a) and (c), 6213(a), and 7426(a) and (b)(1), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

5. § 6213. Restrictions applicable to deficiencies; petition to Tax Court

(a) Time for filing petition and restriction on assessment.—Within 90 days, or 150 days

if the notice is addressed to a person outside the States of the Union and the District of Columbia, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A or B and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court.

amine the precedent briefly and follow that conclusion which it finds most persuasive.

The leading case in support of plaintiff's theory that: (1) the assessment authority comes from § 6861; (2) that he was therefore entitled to a deficiency notice or "ticket to the Tax Court;" and (3) that because he didn't get it the Court has the power to enjoin collection and further levy;—is Schreck v. United States, *supra*. In an exhaustive opinion, the Court explored the history of the relevant Code provisions and concluded that it was the intent of Congress to afford a taxpayer, whose year was terminated pursuant to § 6851, the same rights and privileges afforded to taxpayers in other jeopardy situations where assessments are more clearly authorized by § 6861. Among those cases adopting the *Schreck* interpretation are the following: Rambo v. United States, 492 F. 2d 1060 (6th Cir., 1974), affirming, 353 F.Supp. 1021 (W.D.Ky., 1972); Lisner v. McCanless, *supra*; Williams v. United States, 352 F.Supp. 1387 (D.C.Nev., 1973); Clark v. Campbell, 341 F.Supp. 171 (N.D.Tex., 1972). In *Rambo*, the Court of Appeals concluded that an assessment made subsequent to a § 6851 termination is a "deficiency" as defined by § 6211(a) of the Code and that clearly, therefore, § 6861 must apply.

A leading case in support of defendant's theory that: (1) the assessment authority comes from § 6201(a); (2) that plaintiff is, therefore, not entitled to a "ticket to the Tax Court;" and (3) that the maintenance of this suit is prohibited by § 7421(a), is Irving v. Gray, *supra*. That Court also thoroughly analyzed the relevant provisions but, while admitting there was some merit to the *Schreck* interpretation, came to the conclusion that the assessment authority for § 6851 was § 6201(a). The Court emphasized there was an adequate remedy at law in finding no merit to a due process argument,—that remedy being a refund action in the district court after the tax is paid. The Court also stated it

felt *Schreck* had been repudiated by Williamson v. United States, 31 AFTR 2d 800 (7th Cir., 1971) (otherwise unreported), and relied on that decision to a great degree. Some of the cases in agreement with *Irving* are the following: Boyd v. United States et al., No. 73–2406 (E.D.Pa., April 16, 1974); Johnston v. Schmidt, No. 73–533–E (S. D.Cal., Jan. 30, 1974); Willits v. Richardson, 362 F.Supp. 456 (S.D.Fla.1973); Hogan v. United States, 73–2 USTC § 9563 (E.D.Mich.So.Div., 1973); Parrish v. Daly, 350 F.Supp. 735 (S.D.Ind.1972). See also Ludwig Littauer & Co. Inc. v. C.I.R., 37 BTA 840 (1938) [6]; Puritan Church v. Commissioner, 10 TCM 485 (1951). Some of the above courts found it unsupportable to classify an assessment subsequent to a § 6851 termination as a "deficiency" within the meaning of § 6211(a). They concluded that, since it is not a deficiency, § 6861 does not apply.

The Court is acquainted with certain due process arguments which have been raised in previous cases, though not to any great extent in the case at bar. Perhaps those arguments have been answered by Phillips v. Commissioner of Internal Revenue, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289 (1931), and Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). The former case found no constitutional fault with summary proceedings used to determine and collect assessments where there is an adequate opportunity to subsequently contest the proceedings._ The latter case more recently referred to the overriding governmental interest which sometimes necessitates such summary action, (at 407 U.S. 90–92). This judge must state, however, that he shares the concern expressed by Justice Blackmun in Alexander v. "Americans United" Inc., —— U.S. ——, 94 S.Ct. 2053, 40 L.Ed.2d 518, No. 72–1371, 42 U.S.L.W. 4711, 4715 (1974), over the "overwhelming power" of the IRS. For this reason, it is tempting to follow the interpretation of *Schreck*. However, this case has come before the

---

**6.** This is a decision of the Board of Tax Appeals, now the Tax Court, and dealt with the predecessor of § 6851.

Court presenting an issue which the Court believes is one of pure statutory interpretation. In that context, I must conclude that Irving v. Gray, *supra*, offers the more persuasive interpretation of the relevant provisions. I cannot define the assessment here involved as a "deficiency" within the meaning of the Code and, from its language, it appears more likely that § 6861 was intended to apply only when an assessment can be so defined. I find no other statutory exception to § 7421(a) involved here, nor has it been seriously contended that the judicial exception announced in Enochs v. Williams Packing Co., 370 U.S. 1, 82 S. Ct. 1125, 8 L.Ed.2d 292 (1962), should be considered. I find that § 7421(a) prohibits the maintenance of this suit. Perhaps Congress, in memory of an overburdened judiciary, will someday give us a Code more amenable to clear interpretation. Until then, we will continue to have responsible jurists reaching contrary conclusions on issues such as those involved here, resulting in added confusion to the operation of the tax system.

Defendant's motion to dismiss is allowed.