Jimmie Lee McGEE, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. H 74–128.

United States District Court, N. D. Indiana, Hammond Division.

Sept. 9, 1974.

Steve Lustina, Cohen & Thiros, Gary, Ind., for plaintiff.

Richard F. Mitchell, U. S. Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM

ALLEN SHARP, District Judge.

Plaintiff Jimmie Lee McGee (taxpayer) entered a plea of guilty to a violation of 21 U.S.C. § 844(a) on April 6, 1973 and was sentenced to one year of imprisonment on May 4, 1973. On October 6, 1972, the Acting District Director of the Internal Revenue Service (IRS) terminated taxpayer's taxable year pursuant to 26 U.S.C. § 6851. The taxpayer was assessed $45,156.54 for the period beginning January 1, 1972 and ending on October 6, 1972, the termination date. The IRS levied upon and seized certain of taxpayer's cash assets, including cash in a safe deposit box and in bank accounts. Taxpayer's taxable year was then re-terminated on October 12, 1972 and the unpaid balance of the assessment was adjusted to the figure of $24,480.61. Taxpayer filed this instant action to enjoin the further collection of the assessment and he demands a return of the previously seized funds. Taxpayer has filed no tax return either for the short period of 1972 or for the full tax year of 1972. The IRS has not issued a deficiency notice.

The defendant IRS has filed a motion to dismiss alleging that this suit is barred by the anti-injunction provisions of 26 U.S.C. § 7421.

Jurisdiction is asserted upon 28 U.S.C. § 1340, 28 U.S.C. § 1361 and 26 U.S.C. § 6213. 26 U.S.C. § 6213 allows for injunctive relief against the assessment, levy or collection of a tax when the IRS has not sent the taxpayer a deficiency notice as required by the tax laws. The basic issue is whether the assessment authority for the jeopardy assessments pursuant to the terminated tax year is found in the jeopardy assessment provisions of 26 U.S.C. § 6861 which would require a deficiency notice to be sent, or

whether this assessment authority is found in the general assessment provision of 26 U.S.C. § 6201 which does not require a deficiency notice. § 6861 provides for the assessment of a "deficiency" as defined in 26 U.S.C. § 6211. Therefore the issue boils down to whether an assessment made subsequent to a § 6851 termination is a deficiency as contemplated by § 6861. This question has resulted in a split of authority in an increasing body of case law. Preble v. United States, 376 F.Supp. 1369 (D.C. Mass.1974), Williams v. United States, 373 F.Supp. 71 (D.C.Nev.1973), Lewis v. Sandler, 498 F.2d 395 (4th Cir. 1974), Rambo v. United States, 492 F.2d 1060 (6th Cir. 1974).

Neither interpretation is compelled by the statutory language, both interpretations are plausible and supportable semantically, Williams, supra, 373 F.Supp. at 77. Judge Freedman's comments in the opinion in Preble, supra, 376 F. Supp. at 1373 seem appropriate:

Perhaps Congress, in memory of an overburdened judiciary, will someday give us a Code more amenable to clear interpretation. Until then, we will continue to have responsible jurists reaching contrary conclusions on issues such as those involved here, resulting in added confusion to the operation of the tax system."

Taxpayer's argument is that the IRS' assessment authority following a § 6851 termination stems from § 6861, and that pursuant to § 6861, the IRS is required to send the taxpayer a deficiency notice. A deficiency notice is a necessary prerequisite for litigation to proceed in the United States Tax Court. DaBoul v. Commissioner of Internal Revenue, 429 F.2d 38 (9th Cir. 1970). § 6861 requires a finding of a deficiency as defined in 26 U.S.C. § 6211. Taxpayer contends therefore that the anti-injunction provisions of § 7421 do not apply and relief is proper under § 6213. The taxpayer has not alleged that his factual situation falls within one of the

judicially created exceptions to § 7421 established in Enochs v. Williams Packing and Navigation Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1963). Taxpayer's position is upheld in Rambo v. United States, supra; Williams v. United States, supra, and Schreck v. United States, 301 F.Supp. 1265 (D.C.Md.1969).

■ The IRS contends that the assessment authority for § 6851 is found in the general assessment provisions of § 6201 and no notice is required under that section. Furthermore, the IRS maintains that if no tax return was filed and no taxes have been paid; there can be no deficiency as such. This view is upheld in Williamson v. U. S., 31 AFTR2d 73–800 (7th Cir. 1971), Parrish v. Daly, 350 F.Supp. 735 (S.D.Ind.1972), Irving v. Gray, 479 F.2d 20 (2d Cir. 1973), Preble, supra.

The court has examined the leading cases dealing with the applicability of § 6201 and § 6861 in similar situations. In Williams, supra, Chief Judge Roger D. Foley engaged in an exhaustive exploration of the current case law regarding IRS assessments subsequent to a termination of a taxpayer's taxable year. The analysis of the law and the discussion of the semantic interpretations of the Internal Revenue Code of 1954 appear to be comprehensive and eminently logical. The reasoning in Williams is very persuasive because of the thorough coverage of the applicable law.

■ The IRS has contended that the Seventh Circuit case of Williamson, supra, is controlling. Williamson was cited in the cases which the IRS uses to support its stand. Lewis v. Sandler, 498 F.2d 395 (4th Cir. 1974), Irving v. Gray, supra, and Parrish, supra. However, this court agrees with the position taken in Rambo with respect to the interpretation which should be accorded Williamson: that the Williamson court relied on § 6851 for assessment authority. The IRS at one time did argue that the authority stemmed directly from § 6851. See Rambo 492 F.2d at 1063. In recent cases, including the instant case, the IRS contends that the assessment authority is found in § 6201. Therefore Williamson cannot be interpreted to be controlling since the assumption upon which the opinion was based appears to differ markedly from the position in this case. Rambo, supra. Irving and Parrish based their reasoning on Williamson without distinguishing the apparent discrepancy concerning the basis for the assessment authority. The cases which have distinguished Williamson have arrived at holdings which conclude that § 6861 is the basis for assessment. Rambo, supra, Williams, supra. The opinion in Williamson was directed at the plaintiff's Fifth Amendment rights during his dealings with the IRS, and the assessment question was only a collateral issue which was disposed of in one paragraph. This court finds that the more recent holdings in Williams and Rambo represent the better interpretation of a complex issue—that the assessment authority for § 6851 is found in § 6861 and the tax in question is a deficiency and that, therefore, a deficiency notice must be sent to the taxpayer.

■ Pursuant to § 6213(a), the IRS is enjoined from making any further assessments until a deficiency notice has been issued to the taxpayer. The IRS will not be required to return the previously seized assets nor to release any encumbrances upon the taxpayer's assets. Taxpayer is not entitled to equitable relief other than what has been granted because of taxpayer's admitted failure to file a tax return for the time period in question—an omission which precluded his filing a suit for refund. The "clean hands" doctrine certainly applies in this instance as it did in the Irving, supra, case.

■ Plaintiff has also raised the issue of the constitutionality of summary seizures of a taxpayer's assets by the IRS without a prior judicial determination of liability. Mr. Justice Stewart

raised this issue, and disposed of it, in his opinion on prejudgment replevin actions in Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 2000, 32 L.Ed.2d 556 (1972):

"There are 'extraordinary situations' that justify postponing notice and opportunity for a hearing. Boddie v. Connecticut, 401 U.S. [371], at 379, 91 S.Ct. [780, at 786, 28 L.Ed.2d 113]. These situations, however, must be truly unusual. Only in a few cases has this court allowed outright seizure without opportunity for a prior hearing. First, in each case, the seizure has been directly necessary to secure an important governmental or general public interest. Second, there has been a special need for very prompt action. Third, the State has kept strict control over its monopoly of legitimate force: the person initiating the seizure has been a government official responsible for determining, under the standards of a narrowly drawn statute, that it was necessary and justified in the particular instance. Thus, the Court has allowed summary seizure of property to collect the internal revenues of the United States . . . . (citations omitted)"

Therefore, plaintiff's attack on the constitutionality of § 6851 as applied has no merit in this case.

Therefore, for the reason set out above, the defendant's "Motion to Dismiss", which is actually an assertion that the plaintiff has failed to state a claim on which relief can be granted under Rule 12(b)(6), Fed.R.Civ.P. is Denied. Parrish v. Daly, supra, Williams v. United States, supra. The defendant is ordered to provide plaintiff with a deficiency notice forthwith. Defendant's levies remain in effect subject to the condition that a deficiency notice be provided to plaintiff promptly. As plaintiff has filed no claim for refund, this court is without jurisdiction to order a refund of monies seized. Williams v. United States, Id.